UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-23611-CIV-MARTINEZ/SANCHEZ

TATIANA STEFANI QUINTELLA,

     Plaintiff,

v.

PHILIPE PIZZARI PINTO,

     Defendant.

_____/

**REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION
FOR ENTRY OF FINAL DEFAULT JUDGMENT AGAINST DEFENDANT**

This matter is before the Court on Plaintiff's Motion for Entry of Final Default Judgment Against Defendant. ECF No. 27.[1] Defendant did not respond to Plaintiff's Motion for Entry of Clerk's Default (ECF No. 25), or to the instant motion, and the deadlines to do so have long passed. After careful consideration of Plaintiff's motion, the record, the applicable law, and being otherwise fully advised in the premises, the undersigned **RESPECTFULLY RECOMMENDS** that Plaintiff's Motion for Entry of Final Default Judgment Against Defendant, ECF No. 27, be **GRANTED.**

## I.     BACKGROUND[2]

On January 19, 2023, Plaintiff and Defendant executed a Settlement Agreement and Release ("Settlement Agreement") in which Defendant agreed to pay Plaintiff a total of $503,000[3]

---

[1] The Honorable Jose E. Martinez, United States District Judge, referred the instant motion to the undersigned. ECF No. 28.

[2] The following facts are deemed admitted with respect to Defendant by virtue of the default. *See Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987).

[3] Specifically, Defendant was required to pay "USD 88,000 on or before January 19, 2023"; "[e]ight monthly payments of USD 50,000 . . . on or before the fifth day of each month starting

in exchange for Plaintiff's release and discharge of all claims against Defendant and Lience Consulting LLC relating to a prior agreement.[4]  ECF No. 1 at ¶¶ 7-9, 16; ECF No. 1-1 at 2.  The Settlement Agreement required the parties to provide "written notice of any default" and give the defaulting party five days to cure any default prior to commencing any litigation.  ECF No. 1-1 at ¶ 6.  The Settlement Agreement is governed by the laws of Florida and contains a forum selection clause in which the parties "consent to the exclusive jurisdiction of the courts of the State of Florida and the U.S. District Court for the Southern District of Florida." *Id.* at ¶¶ 14-15.

Defendant defaulted on the Settlement Agreement by failing to make the required payments.  ECF No. 1 at ¶¶ 10, 17.  More specifically, although Defendant made the initial payments of $88,000 on January 19, 2023, and $50,000 in February 2023, he failed to make the remaining payments required by the Settlement Agreement, resulting in an unpaid balance of $365,000.  ECF No. 1 at ¶ 10; ECF No. 1-2 at 2; *see also* ECF No. 27-1 at ¶¶ 3-4.  On May 31, 2023, Plaintiff sent Defendant a notice of default pursuant to the Settlement Agreement.  ECF No. 1-2.  Defendant failed to cure the default within the five-day waiting period, ECF No. 1 at ¶¶ 11-12, and Plaintiff was damaged as a result of the Defendant's breach, ECF No. 1 at ¶ 18.  Plaintiff thereafter filed the instant action.  ECF No. 1.

In her complaint, Plaintiff brought a breach of contract claim against Defendant.  ECF No. 1 at ¶ 15-18.  On January 16, 2024, after requesting an extension of time, Defendant filed an answer and affirmative defenses to the complaint.  ECF No. 11.

---

February 2023 and ending September 2023"; and "USD 15,000 on or before October 5, 2023" for legal fees.  ECF No. 1-1 at ¶ 2; ECF No. 1 at ¶ 9.

[4] Defendant was the "managing member, principal, and authorized representative" of Lience Consulting LLC.  ECF No. 1-1 at 2.

On May 9, 2024, Defendant's counsel filed a motion to withdraw as attorney for Defendant. ECF No. 20.  The Court granted the motion to withdraw on that same day and instructed Defendant to inform the Court by June 10, 2024, whether he intended to proceed *pro se* or to retain new counsel and have that new counsel file an appearance by that date.  ECF No. 21.  On June 26, 2024, after Defendant failed to comply with the Court's June 10 Order, the Court amended its Order and gave Defendant additional time, until July 26, 2024, to either inform the Court of his intent to proceed *pro se* or retain new counsel and have that new counsel file an appearance by that date.  ECF No. 22.  The Court specifically warned Defendant that "**failure to comply with [the June 26, 2024] Order shall result in this Court immediately directing the Clerk to enter default against Defendant.**"  ECF No. 22 (emphasis in original).  Defendant did not comply with the June 26, 2024 Order.

On September 9, 2024, after Defendant failed to comply with the Court's June 26, 2024 Order, Plaintiff filed a Motion for Clerk's Default against Defendant, ECF No. 25, and the Clerk entered the default on September 10, 2024, ECF No. 26.  Plaintiff subsequently filed the instant motion for default judgment.  To date, Defendant has not complied with the Court's May 9 and June 26, 2024 Orders, has not retained new counsel, has not filed a notice to proceed *pro se,* has not filed any response to either Plaintiff's motion for the entry of a Clerk's default or Plaintiff's motion for the entry of default judgment, and has not otherwise made an appearance or filed anything in the case after the May 9, 2024 withdrawal of his counsel.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 55 contains a two-step process by which a party may obtain a final default judgment.  Fed. R. Civ. P. 55.  First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a); *see Mitchell*

3

*v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1316 (11th Cir. 2002).  Second, "Federal Rule of Civil Procedure 55(b)(2) authorizes a court to enter default judgment against a defendant who fails to plead or otherwise defend."  *United States v. Swartout*, 293 F. Supp. 3d 1377, 1378 (S.D. Fla. 2018); *see also Avini Health Corp. v. Biogenus LLC*, No. 22-CV-61992-RAR, 2024 WL 3251242, at *3 (S.D. Fla. July 1, 2024) (entering default judgment where, although defendant had filed answer, defendant later "failed to timely comply with the deadline to obtain new counsel and otherwise ceased to defend itself in th[e] action").  Default judgment is also "appropriate when a party willfully fails to comply with a court order after the court has given the party ample opportunity and time to comply."  *Great Lakes Reinsurance (UK) PLC v. Miami Michaim Yacht Rentals*, No. 07-21044-CIV, 2009 WL 10699628, at *1 (S.D. Fla. Apr. 14, 2009); *see also, e.g.*, *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985) ("The district court has the authority to enter default judgment for failure to prosecute with reasonable diligence or to comply with its orders or rules of procedure."); *Flaska v. Little River Marine Constr. Co.*, 389 F.2d 885, 887 (5th Cir. 1968) ("It is well established that the district court has the authority to dismiss or to enter default judgment, depending on which party is at fault, for failure to prosecute with reasonable diligence or to comply with its orders or rules of procedure.").

When a clerk enters default, Plaintiff's well-pleaded allegations are deemed admitted.  *See, e.g.*, *Giovanno v. Fabec*, 804 F.3d 1361, 1366 (11th Cir. 2015).  Only the well-pleaded allegations are admitted because "entry of default judgment is only warranted when there is 'a sufficient basis in the pleadings for the judgment entered'" and the Eleventh Circuit has "interpreted [that] standard as being akin to that necessary to survive a motion to dismiss for failure to state a claim."  *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244-45 (11th Cir. 2015) (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975), and applying the pleading standard

4

set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).  Therefore, before entering default judgment, a court must ensure that the well-pleaded allegations in the complaint "state a substantive cause of action" and provide a "sufficient basis . . . for the particular relief sought."  *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007).

If the admitted facts are sufficient to establish liability, then the Court must ascertain the appropriate amount of damages.  *See Am. Airlines, Inc. v. Individuals & Entities Associated with Domains & Email Addresses Identified in Exhibit A*, No. 22-22080-CIV, 2024 WL 945262, at *3 (S.D. Fla. Feb. 16, 2024), *report and recommendation adopted*, 2024 WL 941683 (S.D. Fla. Mar. 5, 2024).  Where all the essential evidence needed to determine damages is found in the record, an evidentiary hearing on damages is not required.  *See, e.g.*, *SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005).

### III.    ANALYSIS

The Settlement Agreement is explicitly governed by Florida law.  ECF No. 1-1 at 6 ¶ 14. Under Florida law, "settlements are highly favored and will be enforced whenever possible." *Coquina Invs. v. TD Bank, N.A.*, 760 F.3d 1300, 1318 (11th Cir. 2014) (quoting *Robbie v. City of Miami*, 469 So. 2d 1384, 1385 (Fla. 1985)).  "A settlement agreement is a contract," and under the law of Florida, "[c]ontracts are to be construed in accordance with the plain meaning of the words contained therein."  *R.A.M., LLC v. Hill*, 393 F. App'x 684, 686 (11th Cir. 2010) (quoting *Schwartz v. Fla. Bd. of Regents*, 807 F.2d 901, 905 (11th Cir. 1987), and *Ferreira v. Home Depot/Sedgwick CMS*, 12 So. 3d 866, 868 (Fla. 1st DCA 2009)).

Plaintiff's complaint seeks damages from Defendant for breach of the Settlement Agreement.  ECF No. 1 at 3.  The elements of a breach of contract action under Florida law are: "(1) a valid contract; (2) a material breach; and (3) damages."  *Dorsainvil v. JM Protective Servs.,*

5

*Inc.*, No. 16-CV-80635, 2016 WL 11201730, at *2 (S.D. Fla. Aug. 26, 2016) (quoting *Abruzzo v. Haller*, 603 So. 2d 1338, 1340 (Fla. 1st DCA 1992)).

Here, the well-pleaded facts in the complaint and the attached exhibits, ECF Nos. 1, 1-1, 1-2, are sufficient to state a plausible claim for relief for breach of contract. Plaintiff established that a valid and binding Settlement Agreement existed between her and Defendant by alleging that both parties executed the Agreement on January 19, 2023, and by attaching a copy of the Settlement Agreement, signed by both parties, to the complaint. *See* ECF No. 1 at ¶¶ 7, 16; ECF No. 1-1 (attaching Settlement Agreement to the complaint).

Plaintiff's allegations also support a finding that Defendant materially breached the Settlement Agreement—which obligated Defendant to pay a total of $503,000 in installment payments to Plaintiff—when Defendant failed to make payments required by the Agreement. *See, e.g.*, ECF No. 1 at ¶¶ 9-10, 17; ECF No. 1-1 at 2-3. More specifically, Plaintiff contends that Defendant's failure to make the payments required by the Settlement Agreement resulted in an outstanding unpaid balance of $365,000. ECF No. 1 at ¶¶ 9-10, 17; ECF No. 1-2 at 2; *see also* ECF No. 27 at 4.

The complaint also establishes that Plaintiff suffered "damage[] as a result of [Defendant]'s material breach of the Settlement Agreement" when she was not paid as required by the Agreement. ECF No. 1 at ¶ 18; *see also id.* at ¶¶ 10, 17. To support her claimed damages amount, Plaintiff attached to the complaint both the Settlement Agreement, which set forth the payments Defendant was required to make to Plaintiff, and the May 31, 2023 notice of default sent to Defendant, which indicates Defendant made the initial payment of $88,000 and the first monthly payment of $50,000, but failed to make the remaining payments. ECF No. 1-1 at 2-3; ECF No. 1-2 at 2. Additionally, Plaintiff submitted a declaration under penalty of perjury in which she states

that the sum that Defendant failed to pay under the Settlement Agreement is $365,000, ECF No. 27-1, which is the balance owed under the Settlement Agreement after Defendant paid the initial payment of $88,000 and the first monthly payment of $50,000, *see* ECF No. 1-1 at 2-3; ECF No. 1-2 at 2.

Because the well-pleaded factual allegations of Plaintiff's complaint properly allege the elements of a breach of contract claim, default judgment pursuant to Federal Rule of Civil Procedure 55 is appropriate on Plaintiff's breach of contract claim. *See, e.g.*, *Maersk Line A/S v. Haribo Food 2004, Inc.*, No. 20-20666-CIV, 2020 WL 13389300, at *3 (S.D. Fla. July 24, 2020), *report and recommendation adopted*, 2020 WL 13389299 (S.D. Fla. Aug. 10, 2020); *see also King Ocean Servs., Ltd. v. Ziegler Logistics & Co.*, Case No. 23-cv-21062-WILLIAMS/REID, 2023 WL 9289066, at *2-3 (S.D. Fla. Dec. 29, 2023), *report and recommendation adopted*, 2024 WL 181553 (S.D. Fla. Jan. 17, 2024). Moreover, given that Plaintiff has sufficiently established that she has suffered damages of $365,000 due to Defendant's breach/non-payment of contractually-owed sums, Plaintiff should be awarded $365,000 in monetary damages—the outstanding balance owed by Defendant under the Settlement Agreement.

Plaintiff also seeks prejudgment interest in the amount of $53,214.93. ECF No. 21-1 at ¶ 4; ECF No. 21 at 4. "In this diversity jurisdiction case, Plaintiff is entitled to prejudgment interest at the rate provided for by Florida law." *Thomas Cook UK Ltd. v. Maesbury Homes, Inc.*, 280 F.R.D. 649, 652 n.3 (M.D. Fla. 2012) (awarding prejudgment interest pursuant to Florida law upon entering default judgment in plaintiff's favor on its claims for breach of contract, account stated, and open account); *see Walker v. Life Ins. Co. of N. Am.*, 59 F.4th 1176, 1192 (11th Cir. 2023) ("In federal diversity actions, pre-judgment interest is governed by state law . . . ."); *Bosem v. Musa Holdings, Inc.*, 46 So. 3d 42, 46 (Fla. 2010) (explaining that, in contract actions, "once the amount

7

of damages is determined, prejudgment interest is allowed from the date of the loss or the accrual

of cause of action" (quoting *Amerace Corp. v. Stallings,* 823 So. 2d 110, 116 (Fla. 2002) (Pariente,

J., dissenting)).  Although Plaintiff states that she "calculated prejudgment interest at the Florida

statutory rate," ECF No. 27-1 at ¶ 5, nowhere does Plaintiff identify the particular rate or rates that

she used or how precisely she calculated the amount of interest.[5]  Given that Plaintiff is owed for

several installment payments that were due on eight different dates from March 5, 2023 to October

5, 2023, ECF No. 11 at ¶¶ 21-22, if this Report and Recommendation is adopted, Plaintiff should

be required to file a supplemental memorandum detailing the precise calculations supporting the

prejudgment interest that she is requesting.

## IV.    CONCLUSION

For the foregoing reasons, the undersigned **RESPECTFULLY RECOMMENDS** that

Plaintiff's Motion for Entry of Final Default Judgment Against Defendant, ECF No. 27, be

**GRANTED.**  The undersigned further recommends that a final default judgment in the amount of

$365,000, plus prejudgment interest, should be entered in Plaintiff's favor and against Defendant,

but that Plaintiff should first be required to file a supplemental memorandum that explains the

calculations that support the amount of prejudgment interest that she is requesting.

Pursuant to Local Magistrate Rule 4(b), the Court finds good cause to EXPEDITE the

---

[5] Under Florida law, when calculating prejudgment interest, the initial interest rate that is applied is the rate for the quarter when a loss is incurred; that rate is then applied for the remainder of that calendar year, and interest is then calculated for each succeeding year, until the date of judgment, based on the interest rate that is set for the quarter beginning on January 1 of that year. *See, e.g.*, *Endurance Am. Specialty Ins. Co. v. Liberty Mut. Ins. Co.*, No. 8:17-cv-2832-T-33CPT, 2020 WL 9597125, at *12 (M.D. Fla. June 4, 2020) ("As for the amount of such interest, the prejudgment interest rate is controlled by Florida statute and is set quarterly by Florida's Chief Financial Officer. The applicable prejudgment interest is the rate effective at the time of entitlement and is adjusted annually on January 1 of each year.") (citations omitted); *Precision Diagnostic, Inc. v. Progressive Am. Ins. Co.*, 330 So. 3d 32, 34-35 (Fla. 4th DCA 2021); *Allstate Ins. Co. v. Palterovich*, 653 F. Supp. 2d 1306, 1330-31 (S.D. Fla. 2009); *see also* Fla. Stat. §§ 55.03(1), 687.01.

period to serve and file written objections to this Report and Recommendation. Accordingly, within seven (7) days from the date of this Report and Recommendation, that is, by March 5, 2026, the parties shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Jose E. Martinez, United States District Judge. Failing to file timely objections will bar a de novo determination by the District Judge of any issue addressed in the Report and Recommendation, will constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions," and will only allow appellate review of the district court order "for plain error if necessary in the interests of justice." 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**RESPECTFULLY RECOMMENDED** in Chambers in Miami, Florida, this 26th day of February 2026.

_____
EDUARDO I. SANCHEZ
UNITED STATES MAGISTRATE JUDGE

cc:     Counsel of Record

        Philipe Pizzari Pinto, *pro se*
        1581 Brickell Avenue
        Apt. 1806
        Miami, FL 33129